THEODORE B. RHODES *v.* SAMUEL SKOLFIELD, Attorney in Fact of Valentine Dalton.

Where judgment has been rendered in favor of a party, but with a stay of execution until he shall furnish bond in a fixed sum, with sufficient securities, for the indemnification of the defendant, the latter is not entitled to any notice of the filing of the bond, to give him an opportunity of objecting to its sufficiency, before execution be taken out. The plaintiff is bound, at his peril, to give a sufficient bond. If he fail to do so, his execution may be enjoined ; but the party enjoining must take the consequences, if the bond should, upon enquiry, prove sufficient.

No allowance can be made on dissolving an injunction, for the fees of counsel employed in defending the suit, where there is no proof that any sum had been actually paid by the defendant.

An appellee cannot, by entering in the Supreme Court a *remittitur* of a sum incorrectly allowed by the court below as special damages, throw the costs of the appeal on the appellant.

APPEAL from the District Court of East Baton Rouge, *Johnson, J.*

MORPHY, J. The defendant, Skolfield, as attorney in fact of Valentine Dallon, obtained a judgment against T. B Rhodes and others, on the 22d of June, 1844, but with a stay of execution until he should furnish a bond, with good and sufficient security, in the sum of $1000, for the indemnification of the defendants in that suit. On the 18th of July following, the bond required was filed with the clerk of the District Court, and on the next day an execution was sued out, and the sheriff was proceeding to advertize and sell the property of T. B. Rhodes, when, on the 1st of August ensuing, he enjoined the proceedings, on the ground that no execution could legally issue until he was notified of the filing of the indemnity bond, and sufficient time allowed for him to satisfy himself of the solvency of the secu-

rities given, and to make his objections to them; and that the bond was insufficient to protect him, &c.

On a hearing of the case, the injunction was dissolved, with five per cent damages on the amount of the judgment enjoined and fifty dollars special damages, for counsel fees of defendant. The plaintiff has appealed.

There has been no dispute in this court as to the solvency of the securities given by the plaintiff in execution, in conformity with the terms of the judgment in his favor. The evidence clearly establishes that they are perfectly good; but the appellant contends that he should have been notified of the filing of the bond, in order to allow him an opportunity of examining the same, and of urging his objections to its sufficiency, before execution should have issued; that, under the circumstances, he could exercise his legal rights only by enjoining the execution, which issued untimely, and that he should not be made to pay damages.

In cases of this kind much difficulty would be avoided, if the judgment providing for the giving of the bond, named, with the consent of parties, the clerk, or any other person to receive and approve of it. There is no provision of law that requires notice to the adverse party of the filing of an indemnity bond, before the issuing of an execution. The plaintiff is bound, at his peril, to give a sufficient bond; and if he fails to do so, his proceedings may be enjoined. Rhodes knew the condition under which alone an execution could be issued. From the notice of the seizure he had thirty-four days to enjoin and prevent the sale, if the execution had issued improvidently on the filing of an insufficient bond. But the party who thus enjoins must, we apprehend, take the consequences, if the bond, upon enquiry, appears, as in the present case, to be good and sufficient. In the country, the notice contended for would be the means of forcing upon the plaintiff a delay of six months longer in the recovery of his debt. Objections would be invariably urged, and an issue made up which could not be tried before the following term of the court. In the absence of any law on the subject, an injunction, at the risk of the party, would seem to

be the proper remedy. It would be perpetuated, if the bond was, on examination, found to be insufficient.

The appellee's counsel has entered in this court a *remittitur* of the fifty dollars allowed below as special damages for counsel fees, on a suggestion that the allowance would not be sanctioned by this court.* This step cannot throw the costs of this appeal on the appellant, who had a right to complain of such an allowance.

It is, therefore, ordered, that the judgment of the District Court be affirmed, so far as it dissolves the injunction with general damages, and that it be reversed so far as it allows $50 as special damages; the costs of this appeal to be borne by the appellee.

*Elam*, for the appellant.

*Avery*, for the defendant.

---

* Two witnesses, members of the bar, testified on the trial of the injunction, that $100 would be a moderate fee for the counsel employed by the defendant in the injunction; but there was no proof that any fee whatever had been actually paid.